# United States Court of Appeals
# for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
August 27, 2025
Nathan Ochsner, Clerk of Court

No. 25-20355

---

Melvin Martinez-Guardado,

*Petitioner—Appellant,*

*versus*

Hiromichi Kobayashi, *In his Official Capacity as the Warden Federal Detention Center Houston*; Thomas M. O'Connor, *Trustee, In his Official Capacity as a United States Marshal for Southern District of Texas*; Marco Rubio, *Secretary, U.S. Department of State*; Pamela Bondi, *U.S. Attorney General*,

*Respondents—Appellees.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CV-3305

---

### UNPUBLISHED ORDER

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:

IT IS ORDERED that petitioner's opposed motion to stay the district court's August 19, 2025, order, treated as a motion for a temporary administrative stay, is GRANTED pending further order. Petitioner's motion for a stay pending appeal remains pending.

1

No. 25-20355

The respondents are directed to respond to the motion for stay pending appeal by 4:00pm Thursday August 28.

This order is not to be construed as a comment on the ultimate merits of any issue.

ANDREW S. OLDHAM, *Circuit Judge*, dissenting:

I would decline to issue an administrative stay because Petitioner has not made out a prima facie case for relief. He argues that the district court erred in not reviewing his claim that he will face torture in Honduras in violation of the Convention Against Torture ("CAT"). Mot. at 9. But the CAT is not self-executing. 136 Cong. Rec. S17486-01; *see also Mironescu v. Costner*, 480 F.3d 664, 677 n.15 (4th Cir. 2007). Thus, it does not confer judicially enforceable rights without implementing legislation. *Medellin v. Texas*, 552 U.S. 491, 505 n.2 (2008). And CAT's implementing legislation, the FARR Act, does not provide for judicial review of CAT claims in extradition cases: "[N]othing in this section shall be construed as providing any court jurisdiction to consider or review claims raised under the Convention . . . except as part of the review of a final order of removal." Pub. L. No. 105-277, § 2242(d), 112 Stat. 2681-822 (1998); *see also Munaf v. Geren*, 553 U.S. 674, 703 n.6 (2008). But this is an extradition case, not a final order of removal. Thus, the court is "precluded from considering or reviewing" Petitioner's claim. *Mironescu*, 480 F.3d at 674.

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE  
CLERK

TEL. 504-310-7700  
600 S. MAESTRI PLACE,  
Suite 115  
NEW ORLEANS, LA 70130

August 26, 2025

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

   No. 25-20355   Martinez-Guardado v. Kobayashi  
                  USDC No. 4:25-CV-3305

Enclosed is an order entered in this case.

                     Sincerely,

                     LYLE W. CAYCE, Clerk

                     /s/ Melissa Mattingly

                 By: _____  
                 Melissa V. Mattingly, Deputy Clerk  
                 504-310-7719

Mr. George William Aristotelidis  
Mr. John Sergei Ganz  
Ms. Rosa Victoria Garcia-Cross  
Mr. Nathan Ochsner